UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

DIAMOND X RANCH, LLC

    Plaintiff,

v.

ATLANTIC RICHFIELD COMPANY,

    Defendant.

Case No.: 3:13-cv-00570-MMD-WGC

~~JOINT PROPOSED FORM OF~~ ORDER RE: PLAINTIFF'S MOTION TO DISQUALIFY SNELL & WILMER, LLP AND DAVIS GRAHAM & STUBBS LLP AS DEFENDANTS' COUNSEL

**ROBERT A. McQUAID JR.**
**UNITED STATES MAGISTRATE JUDGE**

This matter is before me on Plaintiff's Motion to Disqualify Snell & Wilmer, L.L.P. and Davis Graham & Stubbs LLP as Defendant's Counsel (the "Motion to Disqualify") [#30], filed December 23, 2013. Defendant's counsel filed separate responses, the Response in Opposition to Plaintiff's Motion to Disqualify Davis Graham & Stubbs LLP as Defendant's Lead Counsel [#35], filed January 9, 2014, and Defendant's Opposition to Plaintiff's Motion to Disqualify Snell & Wilmer L.L.P. as Defendant's Counsel [#39], also filed January 9, 2014. Plaintiff, Diamond X Ranch, LLC filed separate replies supporting its Motion as to each of the Defendant's counsel [#40 & #41] on January 17, 2014. The Court held a hearing on the Motion to Disqualify on January 22, 2014.

## BACKGROUND

Plaintiff, Diamond X Ranch, LLC ("Diamond X") brought the Motion to Disqualify, asserting that Snell & Wilmer, L.L.P. ("S&W") is representing Defendant Atlantic Richfield Company ("Atlantic Richfield") in this lawsuit, while simultaneously representing Diamond X's

1

two principals, Bruce and David Park (the "Parks"), in violation of Nev. R. Prof. Conduct 1.7(1)[1] and must be disqualified. Diamond X also contends that during S&W's concurrent representation of Diamond X's principals and Atlantic Richfield, S&W has served as co-counsel with Atlantic Richfield's other counsel in this case, Davis Graham & Stubbs LLP ("DGS"). Diamond X contends that under Rule 1.10, the S&W conflict of interest must be imputed to DGS and that to protect its confidential information and avoid violation of Rule 1.6, both S&W and DGS must be disqualified from representing Atlantic Richfield in this case in order to preserve Diamond X's right to the fair administration of justice and to ensure that client confidential information is not misused.

S&W responded contending that neither Diamond X nor Bruce Park as an individual, are its clients. Since Diamond X is not a client of S&W, Diamond X has no standing to bring the Motion to Disqualify. Additionally, S&W contends that the corporate family doctrine and the engagement letter signed by the Parks prevented S&W from representing any individuals or entities affiliated or related to firm clients without the firm's specific knowledge and consent. Thus, S&W argues, it did not concurrently represent adverse parties. S&W also contends that it did not receive any information directly related to Diamond X. Additionally, S&W argued that the Parks' engagement letter contained language that served to prospectively waive any such conflict.

DGS responded that if S&W is not disqualified, DGS cannot be disqualified. DGS has no client relationship with Diamond X or any member of the Park family, and DGS has not received any privileged or confidential information regarding Diamond X or the Parks. Accordingly, DGS argued that even if S&W is disqualified, Diamond X has not shown a reasonable probability or possibility that S&W actually shared confidential information with DGS or that any prejudice to

---

[1] References to "Rule ___" refer to the Nev. R. Prof. Conduct.

4811-7187-7656.7.

Diamond X caused by DGS remaining in this case outweighs the prejudice to Atlantic Richfield from replacing its lead counsel.

### FINDINGS AND CONCLUSIONS

Diamond X has standing to move for disqualification of Atlantic Richfield's counsel, S&W, because Diamond X has a direct personal stake in S&W's concurrent representation of the Parks and Atlantic Richfield.

Before S&W appeared in this case on behalf of Atlantic Richfield, S&W verbally discussed representing Atlantic Richfield in this matter with David Park, to which he objected. S&W subsequently sent a waiver letter to both David and Bruce Park to request that the Parks waive any actual or potential conflict with respect to S&W's representation of Atlantic Richfield in this matter. The Parks refused to sign the waiver letter. David Park also states in his declaration that he consulted with an S&W attorney on legal matters relating to Diamond X three to four years before this case was filed. It is, therefore, clear that S&W knew that Diamond X was a limited liability company owned by David and Bruce Park, with each having a fifty percent ownership interest, before S&W appeared in this case.

The Court concludes that S&W is representing two clients concurrently—the Parks and Atlantic Richfield —with directly adverse interests and, therefore, it has a concurrent conflict of interest—prohibited by Rule 1.7. The Court also concludes that this conflict has not been waived. The Court finds that S&W did not obtain a valid prospective waiver from the Parks. The Parks could not have provided informed consent when they engaged S&W because they did not have knowledge of the concurrent conflict present in this case at that time. As a result, S&W must be disqualified.

The Motion as to Snell & Wilmer is GRANTED.

The Court views the situation regarding DGS differently. There is no evidence of a

4811-7187-7656.7.

conflict with respect to DGS. The only issue is whether the conflict that requires the Court to disqualify S&W should be imputed to DGS. The Court finds no basis for such imputation. All three DGS counsel of record stated in personal declarations that they had not obtained any confidences of Diamond X or the Parks. There is nothing in the record to refute the DGS Declarations.

The parties dispute the applicable standard for conflict imputation to co-counsel. Whether the applicable standard is a reasonable possibility or a reasonable probability that confidential client information was shared, the Court finds that there is not a reasonable possibility or probability that DGS received privileged or confidential information about Diamond X. Any prior joint legal representation of Atlantic Richfield by DGS and S&W on other matters not involving the Parks or Diamond X is not relevant to the Motion to Disqualify.

Further, the Court finds that there is no appearance of impropriety in DGS representing Atlantic Richfield in this case. The denial of the Motion to Disqualify as to DGS will not result in prejudice to Diamond X. Conversely, there would be prejudice to Atlantic Richfield if the Motion to Disqualify were granted as to DGS.

The Motion as to Davis Graham & Stubbs LLP is DENIED.

**THEREFORE, IT IS ORDERED** as follows:

1. That Plaintiff's Motion to Disqualify Snell & Wilmer, L.L.P. and Davis Graham & Stubbs LLP as Defendant's Counsel [#30], filed December 23, 2013, is **GRANTED** in part and **DENIED** in part.

2. That Plaintiff's Motion as to Snell & Wilmer L.L.P. is **GRANTED.**

3. That Plaintiff's Motion as to Davis Graham & Stubbs LLP is **DENIED.**

4. DGS shall advise Atlantic Richfield that it must retain new local counsel.

5. The Court will allow 20 days from the date this Order is entered to have new local counsel enter appearances in this case.

4

6. DGS is authorized to file its Reply in support of its Motion for partial dismissal as scheduled, on January 24, 2014.

DATED: ~~January~~ February 4, 2014.
In Reno, Nevada

By The Court:

_____
ROBERT A. McQUAID JR.
United States Magistrate Judge