1   James J. Dragna (California SBN 91492)        Robert A. Dotson (SBN 5285)
    *Admitted pro hac vice*                       LAXALT & NOMURA, LTD.
2   BINGHAM MCCUTCHEN LLP                          9600 Gateway Drive
    355 South Grand Avenue, Suite 4400            Reno, Nevada 89521
3   Los Angeles, California  90071-3106           Telephone: (775) 322-1170
    Telephone:  (213) 680-6400                    Facsimile: (775) 322-1865
4   jim.dragna@bingham.com                        rdotson@laxalt-nomura.com

5   Brad M. Johnston                              Jonathan W. Rauchway, *pro hac vice*
    Nevada Bar No. 8515                           Adam S. Cohen, *pro hac vice*
6   LAW OFFICES OF                                Gail L. Wurtzler, *pro hac vice*
    JOHN P. SCHLEGELMILCH, LTD.                   DAVIS GRAHAM & STUBBS LLP
7   30 Broadway Avenue                            1550 Seventeenth Street, Suite 500
    Yerington, Nevada 89447                       Denver, Colorado 80202
8   Telephone: (775) 463-3371                     Telephone: 303-892-9400
    Facsimile: (775) 463-3373                     Facsimile: 303-893-1379
9   johnston_brad@ymail.com                       jonathan.rauchway@dgslaw.com
                                                  adam.cohen@dgslaw.com
10  Attorneys for Plaintiff                       gail.wurtzler@dgslaw.com
    DIAMOND X RANCH LLC
11                                                Attorneys for Defendant
                                                  ATLANTIC RICHFIELD COMPANY

12

13                  **UNITED STATES DISTRICT COURT**
                          **DISTRICT OF NEVADA**
14

15  DIAMOND X RANCH, LLC                    )
                                            )
16              Plaintiff,                  )        Case No.:  3:13-cv-00570-MMD-WGC
                                            )
17        v.                                )        **ORDER RE:  STIPULATION AND**
                                            )        **PROTECTIVE ORDER**
18  ATLANTIC RICHFIELD COMPANY,             )
                                            )
19              Defendant.                  )
    _____     )
20

21          Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Diamond X Ranch, LLC and

22  Defendant Atlantic Richfield Company (collectively, the "Parties") stipulate and move the Court

23  for a Protective Order concerning the treatment of Confidential Information, and, as grounds

24  therefor, state as follows:

25          1.      The Parties recognize that both sides may exchange Confidential Information in

26  the course of discovery.  The Parties agree that the disclosure of such Confidential Information

27  outside the scope of this litigation could result in significant injury to one or more of the Parties'

28  business or privacy interests.  The Parties have entered into this Stipulation and request the Court

enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.    Confidential Information includes, but is not limited to: trade secrets; non-public financial information such as contracts for property, goods or services, bills, invoices and other cost records, tax returns, and financial statements; and any document that a producing party labels as "confidential" unless the receiving party successfully challenges that designation.

3.    All Confidential Information provided by a Party in response to a discovery request, transcribed testimony, or otherwise in this litigation shall be subject to the following restrictions:  (a) It shall be used only for the purpose of this litigation, including use by counsel, experts, and consultants, and not for any business or other purpose whatsoever; and (b) It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this litigation.

4.    Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in confidence and shall not divulge the information, either verbally or in writing, to any other person, entity, or government agency unless authorized or compelled to do so by law or court order.  Any person receiving such Confidential Information, other than the undersigned, must first read this Protective Order and sign a copy of the Agreement to Comply with Protective Order attached hereto as Attachment A, which signed copy or copies shall be kept by counsel for the party receiving the Confidential Information.

5.    The Party's counsel who receives Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order by persons to whom such information is disclosed.

6.    The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain jurisdiction to enforce the terms of this Protective Order.

///

///

2

7.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

8.     Upon termination of this litigation, including any appeals, each Party's counsel may request that any recipients of Confidential Information return such information, including but not limited to any extracts, abstracts, charts, summaries, notes or copies made therefrom, excluding attorney work product.  The Party receiving such a request must promptly comply by returning the Confidential Information or certifying in writing that the Confidential Information has been destroyed.   Any attorney work product that is not returned or destroyed under this paragraph shall continue to be kept confidential under the terms of this Protective Order.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

9.      Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Respectfully submitted this 25th day of September, 2014.

/s/ BRAD M. JOHNSTON
Brad M. Johnston (SBN 8515)
LAW OFFICES OF
JOHN P. SCHLEGELMILCH, LTD.
30 Broadway Avenue
Yerington, Nevada 89447
Telephone: (755) 463-3371
Facsimile: (775) 463-3373
johnston_brad@ymail.com

James J. Dragna (California SBN 91492)
*Admitted pro hac vice*
BINGHAM MCCUTCHEN LLP
355 South Grand Avenue, Suite 4400
Los Angeles, California  90071-3106
Telephone:  213.680.6400
jim.dragna@bingham.com
*Attorneys for Plaintiff Diamond X Ranch, LLC*

/s/ ROBERT A. DOTSON
Robert A. Dotson (SBN 5285)
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, Nevada 89521
Telephone: 775-322-1170
Facsimile: 775-322-1865
rdotson@laxalt-nomura.com

Jonathan W. Rauchway, *pro hac vice*
Adam S. Cohen, *pro hac vice*
Gail L. Wurtzler, *pro hac vice*
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth Street, Suite 500
Denver, Colorado 80202
Telephone: 303-892-9400
Facsimile: 303-893-1379
jonathan.rauchway@dgslaw.com
adam.cohen@dgslaw.com
gail.wurtzler@dgslaw.com
*Attorneys for Defendant Atlantic Richfield Company*

IT IS SO ORDERED:

UNITED STATES MAGISTRATE JUDGE

DATED:              September 26, 2014

4

## ATTACHMENT A

## AGREEMENT TO COMPLY WITH PROTECTIVE ORDER

I, the undersigned, have read and received a copy of the Stipulation and Protective Order ("Protective Order") in the case of *Diamond X Ranch LLC v. Atlantic Richfield Company,* United States District Court, District of Nevada (the "Court"), Case No.: 3:13-cv-00570 (the "Action").

I understand the terms of the Protective Order, agree to be bound by its terms, and consent to personal jurisdiction of the Court with respect to the enforcement of the Protective Order even if those proceedings occur after termination of the Action. I agree that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

DATED: _____

_____
*Signature*

_____
*Printed Name*

_____
*Address*

_____

A/76394493.1

3420911.1