**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DIAMOND X RANCH, LLC,     ) | 3:13-cv-00570-MMD-WGC |
|          ) | |
|     Plaintiff,     ) | **MINUTES OF PROCEEDINGS** |
|          ) | |
|    vs.        ) | July 28, 2015 |
|          ) | |
| ATLANTIC RICHFIELD COMPANY,   ) | |
|          ) | |
|     Defendant.     ) | |
| ———————————————— ) | |

PRESENT: <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: <u> Katie Lynn Ogden </u>  REPORTER: <u>     FTR     </u>

COUNSEL FOR PLAINTIFF: <u> Brad Johnston (Present) Noah Perch-Ahern (Telephonically) </u>

COUNSEL FOR DEFENDANT: <u>Jonathan Rauchway, Robert Dotson (Present) and</u>

<u>Adam Cohen (Telephonically)              </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:36 p.m.  Court convenes.

   The court convenes to address Plaintiff Diamond X Ranch, LLC's Motion to Compel (Doc. # 104).

   The court first sets forth the general parameters to which it has interpreted the relevance of the materials produced by Atlantic Richfield which have given rise to discovery disputes relative to the motion to compel, i.e., the State of California litigation involving Atlantic Richfield and The State of California, referred to on occasion as *Leviathan I.*[1]  That lawsuit arose in large measure from alleged contamination from mining activities at the Anaconda Leviathan mine in Alpine County, California, some of which issues the court finds to be present or germane to the instant litigation. Thus, the court finds there is relevance to the instant matter to the *Leviathan I* documents, albeit voluminous, produced by Atlantic Richfield herein as part of its Rule 26 productions.

---

[1] *Atlantic Richfield Company v. State of California, et al.*, Civil Action No. BC380474 (Calif. Super. Ct., Los Angeles County.

Minutes of Proceedings
3:13-cv-00570-MMD-WGC
July 28, 2015

Before hearing argument from counsel on the motion to compel, the court addresses Plaintiff Diamond X Ranch LLC's Request for Judicial Notice in Support of Its Motion to Compel (Doc. # 107). The court finds the documents attached to the judicial notice regarding *Atlantic Richfield Company v. State of California, et al.*, Civil Action No. BC380474 (Calif. Super. Ct., Los Angeles County (referred to as "*Leviathan I*") will be helpful determining parameters in this matter. The court notes Defendant did not file any objection to the judicial notice. Therefore, Plaintiff's judicial notice (Doc. # 107) is **GRANTED**.

The court further characterizes Plaintiff's motion, suggesting the first component of Plaintiff's motion questions whether defendant Atlantic Richfield Company Rule 26 discovery production should be categorized. The second component of the Plaintiff's motion is with regard to whether Atlantic Richfields's September 30, 2014, supplemental productions, which pertains to both Rule 26 and Rule 34, should be categorized as well. Both Plaintiff and Defendant counsel agree with the court's general characterization of the discovery disputes regarding Plaintiff's motion to compel.

The court next hears oral argument from counsel with regard to the two component motion to compel filed by Diamond X Ranch, LLC.

After hearing argument from counsel, the court finds there is no requirement or obligation under Rule 26 productions to categorize documents. Therefore, as to the first component of Plaintiff's motion to compel, the motion is **DENIED**.

Furthermore, the court finds ARCO's supplemental production of documents (9/30/2014) were materials obtained by Atlantic Richfield from a third party to be satisfactory and are also not required to categorized. The documents Atlantic Richfield produced were provided to Plaintiff as maintained by Atlantic Richfield in the ordinary course of its business. The court notes that production in this fashion is also appropriate and authorized because the documents are entirely in an ESI-searchable format and thus satisfies the requirements of Rule 34(b)(2)(E). Therefore, the second component of Plaintiff's motion to compel (Doc. # 104) is **DENIED**.

The court states, although Plaintiff's motion to compel is denied, under Rule 37(a)(5)(B), the court concludes an award of costs of attorneys' fees to Atlantic Richfield is not appropriate. The court finds the Diamond X motion was not frivolous and raised interesting questions of law and thus was substantially justified. An award of fees and/or costs under these circumstances would be unjust.

Last, the court encourages the parties to arrange a meet and confer conference *in person* with each of the parties' IT staff member(s) to be in attendance to assist the parties throughout the

Minutes of Proceedings
3:13-cv-00570-MMD-WGC
July 28, 2015

ESI discovery process.

There being no further matters to address at this time, court adjourns at 2:38 p.m.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
     Katie Lynn Ogden, Deputy Clerk