UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DIAMOND X RANCH, LLC, | Case No. 3:13-cv-00570-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| ATLANTIC RICHFIELD COMPANY, | |
| Defendant. | |

Before the Court is Defendant Atlantic Richfield Company's ("Atlantic Richfield") motion to amend its Counterclaims to clarify its allegations ("Motion). (Dkt. no. 133.) Plaintiff/Counter-Defendant Diamond X Ranch, LLC and Cross-Defendants David W. Park and W. Bruce Park (collectively, "Opposing Parties") oppose the Motion. (Dkt. no. 139.)

After the period for leave to amend as a right has expired (as it has here), a party must either obtain the other party's consent or seek leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). The court should give leave to amend freely when justice requires, though leave need not be granted where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

The Motion is filed within the deadline for amendment and there is no evidence of bad faith, undue delay or prejudice to the Opposing Parties. While the Opposing Parties argue that the Court should resolve their pending motions to dismiss before

deciding the Motion, the Court finds that amendment may resolve some of the issues raised in the pending motions. According, the Court will grant the Motion.

It is ordered that Defendant's motion to amend (133) is granted. It is further ordered that Plaintiff/Counter-Defendant's motion to dismiss (dkt. no. 121) and motion to strike (dkt. no. 123) are denied as moot. It is further ordered that Cross-Defendants' motion to dismiss (dkt no. 124) is denied as moot.

DATED THIS 11th day of December 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE