UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIAMOND X RANCH LLC, | Case No. 3:13-cv-00570-MMD-WGC |
| Plaintiff/Counterclaim Defendant, | **ORDER** |
| v. | Re: ECF Nos. 196, 198 |
| ATLANTIC RICHFIELD COMPANY, | |
| Defendant/Counterclaimant/<br>Third-Party Plaintiff, | |
| v. | |
| PARK LIVESTOCK CO., | |
| Third-Party Defendant. | |

Before the court are Diamond X Ranch LLC's (Diamond X) two motions for leave to file documents under seal. (Electronic Case Filing (ECF) Nos. 196, 198.) In these motions, Diamond X seeks leave of court to file under seal both Atlantic Richfield Company's (ARCO) motion to compel (ECF No. 188), and Diamond X's opposition to that motion (ECF No. 197). Pursuant to the court's direction (ECF No. 199), Diamond X filed a supplement to its briefing concerning sealing the documents in light of the Ninth Circuit's ruling in *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). (ECF No. 200.)

**I. BACKGROUND**

In this action, Diamond X is suing ARCO for damages arising from alleged contamination of its property located downstream from the Leviathan Mine, which Diamond X avers was operated by ARCO's wholly-owned subsidiary. (Am. Compl., ECF No. 175.) Diamond X alleges that soil contamination has rendered the land unusable for any purpose. (*Id.*) Its claims against ARCO include common law claims for public and private nuisance, trespass,

1  strict liability, and negligence, as well as response cost recovery and declaratory relief under the
2  Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). (*Id*.)
3  One of ARCO's defenses to this action is that Diamond X's common law claims are barred by
4  the statute of limitations.
5        On September 10, 2015, Diamond X produced approximately 1800 documents to ARCO,
6  which contained several documents from 2004 to 2006 related to appraisal work performed by
7  Charles Bailey, including an appraisal or valuation document (referred to by ARCO as the
8  "Appraisal Document). (ECF No. 188 at 3.)
9        On November 19, 2015, Diamond X wrote a "claw-back" letter to ARCO asking that the
10  Appraisal Document be returned and destroyed on the basis that it is protected by the attorney-
11  client privilege and/or work product doctrine and had been inadvertently produced. (*Id*. at 4.)
12        ARCO responded that it would comply with its obligations under Federal Rule of Civil
13  Procedure 26(b)(5)(B), but argued that the document was neither privileged nor immune from
14  discovery, and asked ARCO to re-produce the Appraisal Document or produce the underlying
15  factual information in some fashion. (*Id*.) ARCO maintains that the document establishes that
16  David W. Park, on behalf of Diamond X, engaged Mr. Bailey in the 2004 to 2006 timeframe to
17  assess the diminution in value of the Diamond X property due to environmental contamination
18  on the property. (*Id*. at 3-4.) ARCO claims that Mr. Park, and therefore Diamond X, had
19  knowledge of the contamination; therefore its common law claims against ARCO are time-
20  barred.
21        Diamond X disagreed, but allowed ARCO to ask Mr. Park about Mr. Bailey's scope of
22  work and general purpose at another deposition. (*Id*.) ARCO deposed Mr. Park again on
23  February 17, 2016. (*Id*. at 5.)[1] ARCO claims that Mr. Park was unable to testify to the underlying
24  factual information contained in the Appraisal Document. Diamond X maintains that Mr. Park's
25  testimony was sufficient. On May 6, 2016, ARCO filed its motion to compel the Appraisal
26  Document (ECF No. 188), and filed the Appraisal Document under seal (ECF No. 189).

---

28  [1] He had previously been deposed as Diamond X's designated Rule 30(b)(6) witness on August 5 and 6, 2015. (ECF No. 188 n. 4.)

1  Diamond X now seeks leave of court to file under seal both ARCO's brief in support of the
2  motion to compel (ECF No. 188), as well as Diamond X's opposition to the motion (ECF No.
3  197).

## II. LEGAL STANDARD

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025(9th Cir. Mar. 20, 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." Id. (internal quotation marks and citation omitted).

"A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard," which means the party must "articulate[] compelling reasons supported by specific factual findings ... that outweigh the general history of access and the public policies favoring disclosure[.]" *Kamakana*, 447 F.3d at 1178 (internal quotation marks and citations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing Nixon, 435 U.S. at 598).

1    The Ninth Circuit has applied the lesser "good cause" showing from Federal Rule of
2 Civil Procedure 26(c) in some circumstances, such as when a party seeks to seal materials filed
3 in connection with a discovery motion. *See id*. at 1179-80. Federal Rule of Civil Procedure 26(c)
4 governs protective orders issued in the discovery process and provides: "The court may, for good
5 cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or
6 undue burden or expense...." Fed. R. Civ. P. 26(c).
7    Many courts within the Ninth Circuit, including this one, previously determined whether
8 to apply the "compelling reasons" standard or the lesser "good cause" standard by looking at
9 whether a motion was dispositive or non-dispositive. *See Kamakana*, 447 F.3d at 1179; see also
10 *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).
11    The Ninth Circuit recently clarified, however, "that public filed access to filed motions
12 and their attachments does not merely depend on whether the motion is technically
13 'dispositive.'" *Center for Auto Safety*, 809 F.3d at 1101. "Rather, public access will turn on
14 whether the motion is more than tangentially related to the merits of a case." *Id.*
15    Local Rule 1A 10-5 governs filing documents under seal in the District of Nevada, and
16 provides: "Unless otherwise permitted by statute, rule, or prior court order, papers filed with the
17 court under seal must be accompanied by a motion for leave to file those documents under seal."
18 LR IA 10-5(a). "All papers under seal will remain sealed until the court either denies the motion
19 to seal or enters an order unsealing them." *Id*. When a document is filed under seal, it must be
20 accompanied by either: (1) a certificate showing service was made on opposing attorneys or pro
21 se parties; or (2) an affidavit showing good cause why it was not served on the opposing
22 attorneys or pro se parties. LR IA 10-5(c). In a civil action such as this, sealed documents must
23 be served pursuant to Local Rule IC 4-1 in paper form. LR IA 10-5(d).

### III. DISCUSSION

25    As indicated above, Diamond X brings this action against ARCO for nuisance, trespass,
26 strict liability, negligence, and for response cost recovery and declaratory judgment under
27 CERCLA. (ECF No. 175 at 2.) It alleges that ARCO's wholly-owned subsidiary owned and
28 operated the Leviathan Mine, and as a result of its mining activities, including the release of

1  contaminants into adjacent waterways, Diamond X's property has been contaminated and
2  Diamond X has been prevented from utilizing the property for any economic purposes. (*Id*.)
3        The motion to compel and Diamond X's response concern the production of a single
4  document which ARCO claims supports its statute of limitations defense. The effect of the
5  motion, if granted, would be the production of a document which would in turn likely be used in
6  support of ARCO's motion for summary judgment. With this in mind, the court concludes that
7  the motion to compel, the opposition and the Appraisal Document have no more than a tangential
8  relationship to the merits of the case. As a result, Diamond X must demonstrate good cause
9  exists for keeping the motion and opposition under seal.
10        Preliminarily, the court finds that the Appraisal Document was properly filed under seal
11  pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), which permits a party who has received
12  information that is subsequently claimed privileged or protected to "present the information to
13  the court under seal for a determination of the claim." A motion for leave to file the document
14  under seal was not required under the Local Rules since Rule 26(b)(5)(B) already permits filing
15  the document under seal. *See* LR 1A 10-5(a) ("Unless otherwise permitted by statute, rule, or
16  prior court order, papers filed with the court under seal must be accompanied by a motion for
17  leave to file those documents under seal.").
18        The court must now consider whether good cause exists for sealing ARCO's motion to
19  compel and Diamond X's opposition. Diamond X argues that it has a compelling interest in
20  keeping its privileged and protected information private until the court rules on the claim of
21  privilege or protection. (ECF No. 200 at 3:6-8, 5:21-22, 6:24-26.) To that end, Diamond X
22  claims that the motion and opposition "each contain extensive reference to the contents of the
23  [Appraisal Document], material that Diamond X asserts is protected as attorney-client privileged
24  and attorney work product." (*Id*. at 5:27-28.) Finally, Diamond X asserts that Federal Rule of
25  Civil Procedure 26(b)(5)(B) requires that the motion and opposition be filed under seal for
26  determination of the claim of privilege or protection. (*Id*. at 6:8-12.)
27        First, the court disagrees with Diamond X's argument that ARCO's motion to compel
28  reveals privileged or protected information, and with the argument that Rule 26 requires that the

1  motion and opposition be filed under seal. Second, the court finds that while the opposition does
2  contain certain information from the Appraisal Document that is subject to a claim of privilege
3  or protection, it is a small portion of the opposition such that the potentially privileged or
4  protected information can be redacted from a public filing, with the unredacted version
5  remaining under seal for the court's viewing.

6  With respect to the motion to compel, the court finds that ARCO's motion does not
7  reveal any potentially privileged or protected material. Diamond X asserts that the motion
8  describes privileged or protected information at pages 3, 4, 5, 6, 8, and 10, without specifically
9  identifying what it contends is privileged or protected. (ECF No. 198 at 4:4-5.)  A review of the
10 motion reveals that, at most, it contains ARCO's characterization of what the Appraisal
11 Document is, without revealing any privileged or protected information. In particular, ARCO
12 characterizes the Appraisal Document as establishing that Mr. Park engaged Mr. Bailey in the
13 2004 to 2006 timeframe to assess the diminution in value of the Diamond X property due to
14 environmental contamination. (*Id*. at 3:25-26, 4:1-2, 6:10-12, 7:13-16, 8:22-25.) This
15 characterization does not reveal privileged or protected information as Mr. Park testified that
16 Diamond X retained Mr. Bailey to perform a valuation analysis of the property that may have
17 included diminution in value, and that took into consideration the environmental condition of the
18 property. (*See* ECF No. 188-1 at 36-3.) While ARCO appears to take the position that
19 Mr. Bailey evaluated the contamination from the Leviathan Mine, Mr. Park testified that Mr.
20 Bailey did not do any environmental investigation and his valuations were based only on his
21 assumptions about the environmental condition of the property. (*Id*. at 37.) He further testified
22 that Mr. Bailey's valuation may have included diminution in value, and whether that analysis
23 included environmental conditions was left to Mr. Bailey. (*Id*. at 38.) He subsequently testified
24 that it was his understanding that Diamond X's attorney did direct Mr. Bailey to perform a
25 diminution in market value analysis because of environmental contamination at property, but Mr.
26 Park did not know "based on Chuck Bailey's assumptions how that weighed into his final
27 determination of an evaluation." (*Id*. at 40-41.) He went on to testify that it was his belief that
28

1  Mr. Bailey did consider the contamination or potential contamination, but that he did not believe
2  Mr. Bailey was qualified to make that determination. (*Id*. at 43.)
3        The point is that ARCO's brief does not contain any substantive information from the
4  Appraisal Document. Instead, the brief includes ARCO's characterization of the document, and
5  that characterization is substantially similar to Mr. Park's testimony concerning Mr. Bailey's
6  assignment except that Mr. Park testified that he does not know to what extent contamination
7  played a role in Mr. Bailey's valuation. In sum, the court does not find that the motion contains
8  any privileged or confidential information which justifies it being sealed.
9        With respect to Diamond X's opposition, the court finds that it contains minimal
10 reference to information that is subject to a claim of privilege or protection.  In the opposition,
11 Diamond X details the inadvertent production of the Appraisal Document; its notification of such
12 to ARCO; ARCO's demand that the factual information underlying the document be produced in
13 some fashion; the deposition of Mr. Park on the matter; ARCO's claim that Mr. Park did not
14 meaningfully testify to the facts; a subsequent offer by Diamond X to stipulate to certain facts
15 and ARCO's rejection of that stipulation. (ECF No. 197 at 1-5.) The opposition then discusses
16 Diamond X's argument that the Appraisal Document is protected by the attorney-client privilege.
17 (*Id*. at 5-8.) This portion of the argument does contain an excerpt of the Appraisal Document
18 which Diamond X highlights as indicating that the valuation was sought in connection with a
19 request for legal advice. (*Id*. at 5:23-25, 6:1-2.) Diamond X goes on to assert its argument that
20 the Appraisal Document is protected work product. (*Id*. at 8-10.) This section of the opposition
21 likewise contains some citation to the Appraisal Document itself. (*Id*. at 197 at 10:5-11.) The
22 opposition then argues that ARCO has not demonstrated substantial need for the document or
23 undue hardship. (*Id*. at 10-15.) The opposition concludes by asserting that ARCO violated the
24 parties' prior discovery agreement, and requesting sanctions. (*Id*. at 15-17.)
25       Since a majority of the opposition does not reflect information subject to a claim of
26 privilege or protection, good cause does not exist for sealing the entire document. Instead, the
27 court finds that only the portions of the opposition that specifically reference information subject
28 to the claim of privilege or protection (ECF No. 197 at 5:23-25, 6:1-2 and 10:5-11) should be

1  sealed. This can be accomplished by leaving the unredacted version of the opposition under seal
2  so the court may view the information subject to the claim of privilege or protection, and having
3  Diamond X file a redacted version of the opposition which is accessible by the public. *See* LR IA
4  10-5(b).
5      Finally, Rule 26 does not automatically require that the motion or opposition be filed
6  under seal. Rule 26(b)(5) governs a claim of privilege or protection as trial-preparation material.

> When a party withholds *information* otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation materials, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed−and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A) (emphasis added).

   Rule 26(b)(5)(B) discusses what a party's options are when there has been an inadvertent production of "information" subject to a claim of privilege or protection, as Diamond X contends occurred here. The rule provides that after being notified, the receiving party "may promptly present the *information* to the court under seal for a determination of the claim." Fed. R. Civ. P. 26(b)(5)(B) (emphasis added). "Information" clearly refers to the matter that is subject to the claim of privilege or protection. The rule does not state that the briefing that accompanies the information subject to the claim of privilege or protection may be filed under seal, but only the information that is subject to that claim of privilege or protection. It is reasonable to conclude, however, that a party may seek leave to file briefing under seal if the briefing itself discusses information that is subject to a claim of privilege or protection.

///
///
///
///
///
///
///
///

1 **IV. CONCLUSION**

2   Diamond X's motion for leave to file ARCO's motion to compel under seal
3 (ECF No. 198) is **DENIED**. The motion to compel (ECF No. 188) shall be **UNSEALED**.
4   Diamond X's motion for leave to file its opposition under seal (ECF No. 196) is
5 **GRANTED IN PART AND DENIED IN PART**. The current unredacted version of the
6 opposition (ECF No. 197) shall remain **SEALED**. Diamond X shall **FILE** a redacted version of
7 the opposition, redacting the portions of the opposition at ECF No. 197 at 5:23-25, 6:1-2 and
8 10:5-11 within **SEVEN DAYS** of the date of this Order.
9   The Appraisal Document (ECF No. 189) shall remain **SEALED**.
10 **IT IS SO ORDERED.**

11
12 Dated: June 3, 2016.                    _____
                                          WILLIAM G. COBB
13                                        UNITED STATES MAGISTRATE JUDGE