UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| DIAMOND X RANCH, LLC, | ) | 3:13-cv-00570-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | July 21, 2016 |
| | ) | |
| ATLANTIC RICHFIELD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>Katie Lynn Ogden</u>       REPORTER:         <u>FTR</u>

COUNSEL FOR PLAINTIFF:  <u>Noah Perch-Ahern, Fred D. Heather and Brad Johnston (Present)</u>

COUNSEL FOR DEFENDANT:   <u>Jonathan W. Rauchway, Robert Dotson (Present) and
Adam S. Cohen and Mave Anne Gasaway (Telephonically)</u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:39 p.m.  Court convenes.

The court holds today's conference to address defendant Atlantic Richfield Company's (ARCO) Motion to Compel Document Withheld on the Basis of Privilege (ECF No. 188)[1] and plaintiff Diamond X Ranch LLC's (Diamond X) Motion to Compel Concerning ARCO's Disclosure of Marc Lombardi (ECF No. 192).[2]

The court hears oral arguments as to Diamond X's motion to compel (ECF No. 192).

After hearing from counsel and considering relevant case law, including *United States v. Sierra Pacific Industries*, No. CIV S-09-2445 KJM EFB, 2011 WL 2119078 (E.D. Cal. May 26, 2011), and *PacifiCorp v. Northwest Pipeline GP*, 879 F. Supp.2d 1171 (D. Or. July 16, 2012), the court finds that Mr. Lombardi, who was disclosed by ARCO as a non-reporting witness under Federal Rule of Civil Procedure 26(a)(2)(C), is a hybrid fact and expert witness.  While Federal

---

[1] Plaintiff's response filed 6/7/2016 (ECF No. 204); Defendant's reply filed 6/8/2016 (ECF No. 205).

[2] Defendant's response filed 5/31/2016 (ECF No. 201); Plaintiff's reply filed 6/10/2016 (ECF No. 206).

1

Minutes of Proceedings
3:13-cv-00570-MMD-WGC
July 21, 2016

Rule of Civil Procedure 26(b)(3)(C), as amended in 2010, protects as work product communications between a party's attorney and a witness required to provide a report under Federal Rule of Civil Procedure 26(a)(2)(B) (a reporting expert witness), the rule does not provide for protection of communication between a party's attorney and a non-reporting witness. Therefore, communications between ARCO's counsel and Mr. Lombardi, as a non-reporting expert witness, would not be protected under Rule 26, but according to the Advisory Committee: "The rule does not exclude protection under other doctrines, such as privilege or independent development of the work-product doctrine." 2010 Advisory Committee Note to Fed. R. Civ. P. 26. The court notes that while the practical effect of the rule's silence concerning communications between counsel and non-reporting experts may be undesirable in many instances, the Advisory Committee notes reveal that Congress has thus far declined to provide non-reporting expert witnesses with the protections afforded to reporting expert witnesses.

Following the court's pronouncement on this issue, ARCO's counsel represents in open court that ARCO will withdraw Mr. Lombardi as a non-reporting expert witness. The court concludes that ARCO may do so, and as a result, ARCO is not required to produce documents that would otherwise be discoverable relative to Mr. Lombardi's designation as a non-reporting expert.

Therefore, IT IS ORDERED that Diamond X's Motion to Compel Concerning ARCO's Disclosure of Marc Lombardi (ECF No. 192) is **DENIED**.

The court next addresses ARCO's Motion to Compel Document Withheld on the Basis of Privilege (ECF No. 188). The court explains this portion of today's hearing is closed and the record is **SEALED** in light of anticipated discussion of the "Bailey Document" (ECF No. 189-1, filed under seal) that Diamond X claims is protected by the attorney-client privilege or work product doctrine.

The court hears oral arguments as to ARCO's motion to compel (ECF No. 188).

After hearing from counsel, the court concludes the Bailey Document is not subject to the attorney-client privilege. The court finds, however, that while it is a close call, on its face the document tends to indicate it was made in anticipation of litigation in order to assist William Shaw, Esq., in advising his client, David Park; therefore, the court finds the Bailey Document is protected work product.

The court concludes that ARCO demonstrates a substantial need for the document under Federal Rule of Civil Procedure 26(b)(3)(A)(ii) in connection with its statute of limitations defense, particularly in light of the contradictions ARCO pointed to in David Park's testimony

2

Minutes of Proceedings
3:13-cv-00570-MMD-WGC
July 21, 2016

concerning when he knew about contamination on the subject property. The court is not persuaded, however, by ARCO's argument that it could not, without undue hardship, obtain the substantial equivalent of the Bailey Document by other means. The court points to evidence in the record, including documents and testimony, that reflect on Mr. Park's knowledge of the contamination.  Moreover, ARCO could have deposed Mr. Bailey himself regarding the facts underlying his retention and scope of work, but ARCO unilaterally withdrew its request to take Mr. Bailey's deposition.  The court is not convinced by ARCO's argument that it would have been unduly burdensome to track down Mr. Bailey.  Nor is the court persuaded by ARCO's speculation that the deposition would have been futile, when it did not even attempt to depose Mr. Bailey to ask him the germane questions.

IT IS ORDERED that ARCO's Motion to Compel Document Withheld on the Basis of Privilege (ECF No. 188) is **DENIED**.  Diamond X need not produce the Bailey Document.

IT IS ORDERED the Bailey Document (ECF No. 189-1) shall remain under seal.

IT IS ORDERED that pursuant to the agreement of counsel, the one remaining expert deposition may be taken after the close of discovery.

The parties represent that neither seeks leave to re-open discovery at this time.

The parties should be aware of the following:

1.  That they may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule IB 3-1 of the Local Rules of Practice, specific written objections to this Order within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the District Court.

2.  That this Order is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

There being no additional matters to address at this time, court adjourns at 4:38 p.m.

                                        LANCE S. WILSON, CLERK
                                        By:            /s/            
                                            Katie Lynn Ogden, Deputy Clerk